Abren v. Brown.

from a defendant before a judgment is obtained against him. It is traversable and every material fact stated in it may be denied and a trial upon it.

It must be sufficient in itself. The trial is had upon it without reference to the petition or declaration and we cannot look to the petition or declaration to supply its deficiencies. We cannot presume that the plaintiffs in the declaration, affidavit and writ are the same: they must be described in all these papers. For aught we can know from the affidavit and writ in this case, the parties mentioned in them may be very different.

We have no statute authorizing the amendment of an affidavit in attachment, and the judgment of the district court in sustaining the motion to quash the proceedings in this case must be sustained.

Judgment affirmed.

Jesus G. Abren, Appellant, v. Webster Brown, Appellee.

*January 23, 1880.*

Replevin. (1) *Protest and allegations of innocence to be filed with whom.*

Same. (2) *Affidavit, protest, and allegations of innocence considered as pleadings.*

Same. (3) *Failure to file protest and allegations of innocence, whether judgment is valid.*

Same. (4) *Protest and allegations of innocence, default in filing, waiver of, by going to trial.*

1. Whether the defendant in replevin is required to file the protest and allegations of innocence provided for by the statute (*Session Laws 1868, page 76*), with the clerk of the probate court, or the clerk of the district court, *quære.*

2. It would seem to be a fair construction of the statute (*Session Laws, 1868, page 76*), to hold that the plaintiff's affidavit in replevin should be treated as his verified declaration in replevin, and that the defendant's protest and allegations of innocence should be regarded as his plea in bar upon the merits.

Abren v. Brown.

3.  As to the statute (*Session Laws 1868, page 76*), providing that the
    default of the defendant in replevin in filing the protest and allega-
    tions of innocence as provided for in that statute, "shall be decreed
    an abandonment of all claims in the premises," it is queried.   (1) By
    what tribunal such abandonment shall be decreed? and (2) If not by
    the district court, whether such determination of the right to per-
    sonal property through the default of the defendant to file his pro-
    test and allege his innocence without any adjudication by a compe-
    tent tribunal, is not a determination of the right to personal property
    without due process?

4.  An affidavit being made and filed with him, the probate clerk of Col-
    fax county issued a writ of replevin, which was served, and the pro-
    perty placed in possession of plaintiff.   The defendant failed to file
    his protest and allegations of innocence within thirty days after the
    replevying of the property as required by statute( *Session Laws 1868,
    page 76*), thus making default.   By the writ of replevin, the defen-
    dant was also cited to appear in the district court, and plead within
    a specified time long after the expiration of the thirty days.   At such
    time plaintiff declared against the defendant in that court, and the
    defendant appeared and pleaded the general issue.    Both parties
    then agreed to a continuance after the expiration of which the
    court, on motion of the plaintiff, struck the cause from the docket
    on the ground that defendant had defaulted in failing to file his pro-
    test and allege his innocence within the thirty days as required under
    the statute.

    *Held*, That even if the statute in question was a valid law, the
    plaintiff by appearing, pleading, and consenting to a continuance
    after the default of defendant, in not filing his protest and allega-
    tions, waived such default.   That the court acquired jurisdiction
    of both parties to the cause by the service of the writ with the
    citation therein contained, by the appearance of both parties, and
    by their submission to such jurisdiction long after the expiration of
    the thirty days, as well as by the filing of their respective pleadings,
    and by their agreement to a continuance.   That the court having thus
    acquired jurisdiction, neither party was at liberty to withdraw with-
    out the consent of the other, so as to prevent a final determination
    of the right to the possession of the property as between them.

Appeal from District Court for Taos county.

This is an action wherein plaintiff sued out a writ of
replevin from the clerk of the probate court, returnable to
the district court for the county of Taos.   The affidavit and

Abreu v. Brown.

bond do not conform to the statutes authorizing the probate clerk to issue writs of replevin.   The papers were sent up to the district court, but no protest appears among them.   The case was docketed, papers filed and plaintiff filed a petition in the case, to which the defendants pleaded, both observing the requirements of the statutes with reference to writs of replevin, and on motion of the plaintiff, by agreement of the parties, the cause was continued until the following term, at which time the plaintiff moved the court to strike it from the docket, which was done, defendant excepting.   Defendant then moved the court to impanel a jury to assess the value of the property replevied and double damages for its detention.   This motion was refused by the court, the defendant excepting.   Defendant then appealed from both orders to this court.

————, for appellant.

It cannot be claimed that this suit is brought under the statutes of January 29, 1868, for the reason that neither affidavit nor bond nor writ comply with statute, but they do conform to the statute in the Compiled Laws governing writs of replevin :   Act of January 29, 1868, page 76 ;   Compiled L., page 242, secs. 3 and 4.   Statutes for replevin, etc., must be strictly construed against the party using them.

If the statute is not followed by the plaintiff, can he take the defendant's property and hold him strictly to the statute ? The first section of the law of January 29, 1868, gives general authority to probate clerks to issue writs of replevin subject to the same rules and restrictions of clerks of the district court and seems to be entirely independent of the rest of that statute.   See sec. 1, and Comp. L., 342.   This section can be left out and the statute of January 29th will be perfect.

If it was intended that the probate clerk's conduct should be governed by the remainder of the act, then why provide that his conduct should be subject to the rules and restric-

tions governing clerks of the district court, which are different from the remainder of the statute of January 29, 1868?

If a protest was necessary, then the presumption is that it was filed. Officers are always presumed to do their duty, and the statute in this case, if applicable, prohibits the clerk from sending up the record to the district court. If the protest is not to be found, we must assume that it was filed.

Supposing that a protest is required and that none was filed, as required. The plaintiff waived it by voluntarily coming in and filing a petition and asking for a continuance, thus submitting to the jurisdiction of the court. This is a cause of which the court has general jurisdiction and irregularities can be waived so as to give the court jurisdiction of the person and property. In fact, being that the writ directly makes itself returnable to the district court, the sheriff could return it there only.

Can the plaintiff, after he has sued out a writ returnable to the district court, under the rules and forms of the district court and the statute of 1868, and after he has appeared and filed his petition whereby he admits regularity and has allowed a plea to be filed and has moved for and obtained a continuance, be permitted to deny jurisdiction, or to question regularity of the court proceedings, or of his own writ and returns? The plaintiff, by his acts, waived irregularities.

There is no means whereby the property of one person can be taken, legally, by another, without a judgment or without the consent of the person from whom it is taken.

This case seeks to take property from defendant by legal means, and yet to render no judgment against defendant. This is contrary to all legal principle and would overturn every right: Cooley Const. Limitation, 353 and 354; *Greene v. Bigg*, 1 Curtis, 311; *Lowry v. Rain*, Cam. L. Journal, vol. 10–29; *Taylor v. Porter*, 4 Hill, 140. The most that could be claimed is that defendant is in default, and judgment not entered: Potter's Dwarris on Stat., 395.

Further, an appearance by attorney cures all irregularity of process. Having once appeared by attorney, the defendant cannot take advantage of irregularity in the process or its service: *Knox v. Thomas*, 3 Cranch, 496.

The clerk may enter the appearance of the attorney-general in all cases of the United States at the first term in which he may move to take advantage of irregularity, but if he lets it pass for that term without objection, it is conclusive on him as to an appearance. The appearance cures all defects in process and service: *Tarrar v. U. S.*, 3 Pet., 459.

Where a court has capacity by its original jurisdiction to receive and try a given question, and the parties without compulsion submit such a question, it is too late to inquire how the question came there: 1 Ohio Digest, 717, sec. 14.

Jurisdiction over the party is acquired where he appears and pleads to the action, or does not object at first term: 43 Mo., 502; 60 Mass., 564; 42 Mass., 508; 48 Mo., 235.

*Frank Springer*, for appellee.

Every presumption is in favor of the validity of a law, and courts will not declare an act invalid except in case of the most clear and unequivocal violation of fundamental law: Sedgwick Const. Lim., 409, and cases cited.

The legislature has a right to establish methods of procedure, and to define the steps which must be taken by parties to preserve their rights. If notice is provided and time allowed, so that by following the prescribed course a party has opportunity to defend, it is perfectly competent for the legislature to declare that if he fails to do that which the law requires, he shall not be further heard: Sedgwick Const. Law, p. 481, citing *Webster v. Alton*, 9 Foster (N. H.), 384; *Empire City Bank*, 18 N. Y., 200, 215; Cooley Const. Limit., 403, and notes and cases cited.

Of this nature are statutes of limitation: Angell on Limit., § 22; Cooley Const. Limit., 364, *et seq.*

For instance, the one year limitation in replevin.

Statutes, or rules of court, fixing the time within which parties are required to plead, belong to the same class, yet no one claims that they operate to deprive parties of property without due process of law.

The New Mexican statutes (Laws 1868, pp. 76, 80, § 4), require the party from whom the property has been replevied, to answer within thirty days, or forever keep silent. In other words, the law presumes, in default of such answer, that the property belongs to the plaintiff, and this presumption is made conclusive.

Suppose the plaintiff had taken no steps to prosecute his suit, and the defendant had taken a judgment against him and his sureties on the bond, would not this court have been bound to reverse the judgment on writ of error? Undoubtedly, because the plaintiff was not bound to prosecute his action after the default of defendant.

It was proper for the court to treat the case as abandoned, and to strike it from the files, if the plaintiff so elected. Or, it might have stricken defendant's answer from the files, and gone on and rendered judgment as in any case of default. If the first course was erroneous, it was without prejudice to defendant. It was no waiver of the benefits of the statute, and did not in any way cure defendant's default for the plaintiff to file a petition and ask a judgment. He was at liberty to pursue that course, or adopt another. The defendant had no right to be heard in either case at all. He had lost his day in court by his own laches.

Appellant is not entitled to be heard in his second assignment of error, because appeal was not allowed from the order denying his motion to impanel a jury and assess damages.

The appeal is not properly before this court, for the reason that the district court in and for the county of Taos had no jurisdiction to make an order *nunc pro tunc* in the case, or any order in it, in April, 1879. This case was on the docket

Abren v. Brown.

in the Taos District Court, by virtue of the act of January 14, 1876, attaching the county of Colfax to the county of Taos for judicial purposes. Jurisdiction in the case was taken away by the absolute repeal of the act in January, 1878, without any saving clause as to pending causes. The court had no power to make any further order in the case: Sedgwick Const. Law, 108.

The appeal should for this reason be dismissed.

BRISTOL, Associate Justice: On the 22d day of December, 1876, Brown, the plaintiff below and appellee here, made the usual affidavit before the clerk of the probate court of Colfax county for a writ of replevin against Abren, the defendant below and appellant here, to recover the possession of two horses, valued at $300, and damages.

The affidavit was on the same day filed in the office of the probate clerk, and a writ of replevin issued by him, under the seal of the probate court.

The sheriff made return to such writ that, on the 22d day of December, 1876, he served the same, took from Brown a bond, and delivered to him the two horses.

This writ, among other things contains a citation to Abren " to be and appear before the district court for the first judicial district, on the first day of the (then) next term thereof, to be begun and held within and for the county of Taos, at the court house of said county, on the first Friday after the fourth Monday of March, 1877, to answer unto Webster Brown for the wrongful detention of the goods and chattels aforesaid to the damage of the plaintiff $300."

The making and filing the affidavit and bond, and issuing the writ under the circumstances, evidently were done in pursuance of the statute of the territory enacted in January, 1868: *Vide* Session Laws 1868, p. 76. This statute provides that the clerks of the respective probate courts of the

2

territory are authorized to issue writs of replevin subject to the same rules and restrictions as are prescribed for the clerks of the district courts, upon the filing in the office of any such clerk of a probate court an affidavit and bond by the plaintiff as therein specified. Such statute further provides that the defendant may protest against the replevin by filing such protest within thirty days after the replevying of the property, and "alleging innocence in the premises against him," and this allegation shall bring in question, not only the legal ownership of the property, but also the illegal seizure and detention thereof. But a failure to file such protest within the thirty days, "shall be deemed an abandonment of all claim in the premises, and the said action shall be conclusive and the claimant shall not be bound for the prosecution of his suit in the district court."

Such statute further provides that any clerk of a probate court, before whom any such action of replevin shall have originated, shall file in his office all the papers and documents relative to the case, and shall transmit the same to the clerk of the district court, ten days before the commencement of the next term thereof in his county; provided such protest shall have been filed within the time prescribed; but if such protest should not be so filed, then the papers shall not be transmitted to the clerk of the district court, but remain in the office of the clerk of the probate court. The more this statute is considered by any one, the greater his perplexity is likely to be, as to how it can be legitimately applied to any judicial proceeding in the district court.

Upon filing with the probate clerk an affidavit and bond by the plaintiff, and the issuing and service of a writ of replevin, and before the plaintiff's petition or declaration is required to be filed in the office of the clerk of the district court, the defendant is required to file his protest and allege his innocence.

Where he is to file the same is not specified in the statute,

there is nothing to indicate that he is to file the same with the clerk of the district court, and it is but an exceedingly remote inference that he is to file the same with the probate clerk; if so made and filed, then such protest and allegation of innocence shall bring in question the ownership of the property and the illegal seizure and detention thereof, that is, such proceeding shall raise the very issues to be tried in an action of replevin.

It would seem to be a fair construction of this statute that the plaintiff's affidavit should be treated as his verified declaration in replevin, and the defendant's protest and allegation of innocence should be regarded as his plea in bar upon the merits, and that the issues to be tried are in this way to be made up in replevin suits thus instituted before probate clerks; that, perhaps, would be well enough; it would only be creating an additional mode of procedure. But the strange feature of this statute is, that a default in filing this protest by the defendant, " shall be decreed an abandonment of all claim in the premises," etc.

Decreed by what tribunal ? Certainly not by the district court, the only competent tribunal to make such a decree. Because, if the protest should not be filed, the case is not to be transmitted to that court for adjudication. The plaintiff in that contingency, after acquiring possession of the property under the writ, retains the same without being required to appear and prosecute the action in the district court to final judgment.

While we refrain from passing upon the validity of so much of this statute as relates to the determination of the right to personal property through the default of the defendant to file his protest, and allege his innocence as prescribed thereby, without an adjudication by a competent tribunal, yet we entertain very grave doubts of its validity or of its being due process of law.

The property in controversy was replevied on the 22d day

of December, 1876. This is the date from which the thirty days within which the defendant was required to file his protest under the statute would begin to run.

The defendant below was cited in and by the writ that was served on him at the instance of the plaintiff, to appear at the district court "on the first Friday after the fourth Monday in March, 1877," and plead to the plaintiff's declaration. Such appearance would be long after the expiration of the "thirty days."

On the 2d day of April, 1877, the plaintiff below filed his declaration in the office of the clerk of the district court, which was of course long after the expiration of the "thirty days." It was also during the term of the district court at which the writ was returnable. On the 6th day of April, 1877, and at the term aforesaid, the defendant below filed his plea to such declaration, pleading thereby the general issue, and at the same term on the 10th day of April, 1877, the cause was continued to the (then) next ensuing term, at the cost of the plaintiff, and upon the agreement of both parties, and at the term next thereafter, both parties appearing, the court sustained a motion then and there made by the plaintiff, to strike the cause from the docket, on the ground that the defendant had failed to file such protest, and allege his innocence under such statute. Judgment was entered striking the cause from the docket, without further adjudication. The defendant excepted. Even upon the assumption that this statute in all respects is a valid law, there can be no doubt that the plaintiff could waive the default of the defendant in filing his protest and allegation of innocence, and that he could, notwithstanding such default, submit himself and his case to the jurisdiction of the district court in the ordinary mode, by personal appearance, and filing his declaration in replevin.

We are unanimous in our opinion that the plaintiff waived such default by his subsequent appearance, pleading and con-

senting to a continuance. That the court below acquired jurisdiction as well of both parties of the cause, by the service of the writ with the citation therein contained, the appearances of both parties, and submitting to such jurisdiction long after the expiration of the " thirty days," as well as by the filing of .their respective pleadings, and agreeing to a continuance. The court below having in this way acquired such jurisdiction, neither party was at liberty to withdraw without the consent of the other, so as to prevent a final judgment determining the right to the possession of the property as between them.

The judgment of the ·court below in striking the cause from the docket under the circumstances, was erroneous. It is ordered.that judgment be entered, reversing the judgment below for appellant's costs, and remanding the cause to the court below, with directions to reinstate the same upon the docket, and to, proceed therein by due course of law.